McINNIS, Judge ad hoc.
This is a direct action by the plaintiff against the Metropolitan Casualty Insurance Company, public liability insurer ,of F. Strauss & Son, Inc., for $151.94 damage to plaintiff’s 1950 Ford automobile as the result of an accident involving his car and a truck belonging to F. Strauss & Son, Inc.
Specific allegations of negligence charged to the driver of the Strauss truck are: failing to keep the truck under proper control when approaching a favored right-of-way street, by not reducing speed, and by not otherwise taking such precautionary measures as a prudent and careful driver of a truck would have taken; failing to come to a dead stop before attempting to pass into Sprague Street; failing to give any warning or signal of his approach to the intersection where the accident happened, or of his intention to dash suddenly into the intersection ; in making no attempt to keep, and keeping no lookout for traffic on Sprague Street, and failing to see petitioner’s car prior to the accident; driving the truck at a grossly excessive speed without any attempt to slacken speed as the truck dashed into the intersection and in not yielding to petitioner his superior right-of-way.
The answer is a general denial except that it is admitted that the defendant had in full force and effect a policy of insurance, and on the trial -of the case it is admitted that the policy was sufficient to cover the damage sued for in this case, and that it covered the truck being driven by the Strauss employee. Further answering, defendant averred that the sole and proximate cause of the accident was the fault and negligence of plaintiff in backing or permitting his car to back into the intersection at a time when the Strauss truck had already entered the intersection, and that he failed to keep his car under proper control and to keep a proper lookout and failed to take into account prevailing Weather conditions in the operation of his automobile. In the alternative, in the event the court should find that the driver of the Strauss truck was negligent in any manner, and that his negligence constituted a proximate cause of the accident, then in that event, defendant avers *822 that plaintiff was guilty of contributory negligence for the reasons set out in the answer which bars his recovery.
After trial, the City Court rendered judgment rejecting the demands of the plaintiff at his cost. From this judgment, plaintiff has appealed.
The locus of the accident is the intersection of Sprague Street and Douglas Street. Sprague Street runs east and west and is a right-of-way street by ordinance of the City of Shreveport, Louisiana. Douglas Street crosses Sprague Street in the rear of the education building of the First Methodist Church. The accident happened on February 1, 1951, at which time the streets were covered with sleet, snow and ice. Plaintiff had no chains on the tires of his car. He had just driven out of Douglas Street from the south and turned to his right on Sprague Street, intending to drive downtown, but the street from Douglas Street east is uphill, and when he reached a point about thirty-five feet east of Douglas Street, his car would not go up the hill, so he stopped. At about this time, the driver of the Strauss truck approached the intersection' and he and his helper say he stopped the truck as he was required to do before driving into a favored street and this claim that he stopped is not denied. The driver says he looked for traffic on Sprague Street east and west and he saw the plaintiff’s car stopped about thirty-five feet from the intersection and saw another car traveling west on Sprague Street, and he waited for this car to clear the intersection and then drove the truck into the intersection and when he had apparently passed the center of the intersection, toward the north side of Sprague Street, the Ford automobile backed into the side of the panel body truck he was driving, striking the running board and the front corner of the body of the truck, resulting in the damage to plaintiff’s automobile.
Plaintiff claims that he backed down Sprague Street far enough to see by the corner of the educational building that there was nothing approaching from the south on Douglas Street and that he then backed his car into the intersection and was struck by the Strauss truck. However, from all of the evidence in the case, it appears that this is not the way the accident happened, because his automobile was damaged on the right rear fender and the back end only, and the evidence as to the position of the truck and the car after the accident leads to the conclusion that the plaintiff backed his car into, the truck.
For these reasons, the judgment of the City Court is affirmed at the cost of the plaintiff in both courts.
KENNON, J., not participating.